FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON BOWMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-173J |
| | ) | Judge Kim R. Gibson/ |
| SENIOR CORRECTIONAL OFFICER | ) | Chief Magistrate Judge Amy Reynolds Hay |
| MAZUR; DR. DANIEL LEONARD, | ) | |
| Clinical Director; WARDEN J. YOST, | ) | |
| | ) | |
| Defendants | ) | Re: Dkt. [36] |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Defendants' Motion for Summary Judgment, Dkt. [36] be granted.

**II.    REPORT**

Shannon Boyd ("Plaintiff") was convicted in federal court in August 1994 of being a leader of an organization that sold crack cocaine. Consequently, he was sentenced to serve 299 months of incarceration in a federal prison. While serving this sentence, Plaintiff came to be in FCI-Loretto. While there, Plaintiff engaged in a fist fight with another inmate which resulted in Plaintiff being housed in the Special Housing Unit ("SHU"). On December 21, 2006, Plaintiff was moved to a different cell in the SHU, and he was issued a top bunk in that cell. As a result of his diabetes, Plaintiff experienced a hypoglycemic event on January 2, 2007, wherein he experienced symptoms of shaking while he was in his top bunk. Plaintiff's cellmate called for help and Defendant Mazur brought food to the cell to redress Plaintiff's low blood

sugar. However, when Plaintiff attempted to alight from the top bunk in order to get the food, he fell off the bunk and allegedly injured himself.

Plaintiff then initiated this civil rights action pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) against three defendants. Dkt. [3]. The first defendant is Mazur, the "Number One [Correctional] Officer" in the SHU. Dkt. [3] at 2, ¶ 8. The second Defendant is Daniel Leonard, the clinical director at FCI-Loretto. The third defendant is J. Yost, the warden of FCI-Loretto. Plaintiff alleges that these three Defendants violated his Eighth Amendment rights against deliberate indifference because he was medically entitled to have a bottom bunk and told them of his need for a bottom bunk but they ignored his requests. Because there is no evidence to support the subjective prong of an Eighth Amendment claim, given that Plaintiff failed to show that the Defendants knew he was entitled to have a bottom bunk, the Defendants' summary judgment should be granted.

**Standard of Review**

Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden to show or point out why there is no genuine issue of material fact. Walters ex rel. Walters v. General Motors Corp., 209 F.Supp.2d 481, 484 (W.D. Pa. 2002). Once that burden has been met, the burden shifts to the non-moving party who must set forth "specific facts showing that there is a *genuine issue for trial* . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587. The inquiry involves determining whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50.

Moreover, it is not enough for the nonmovant to show that there is some dispute as to some facts. Rather, the "substantive law governing the dispute will determine which facts are material, and only disputes over those facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004)(internal quotations omitted).

In reviewing the summary judgment evidence, the Court has no duty to search the record for triable issues; rather, it need rely only on those portions of the evidentiary record to which the nonmoving party directs its attention. Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404 (6th Cir. 1992); Northwestern National Insurance Company v. Baltes, 15 F.3d 660, 662-63 (7th Cir.1994)("judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits-not only because the rules of procedure place the burden on the litigants, but also because their time is scarce.").

In short, the summary judgment motion is an evidence testing device to see if there is

sufficient evidence to support a party's position with respect to an issue for which that party bears the burden of proof at trial so as to justify holding a trial. Albiero v. City of Kankakee, 246 F.3d 927, 933 (7th Cir. 2001)(summary judgment is the "moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").

**Discussion**

Plaintiff is alleging an Eighth Amendment deliberate indifference claim against the Defendants. The Supreme Court has held that the subjective component of an Eighth Amendment claim requires "deliberate indifference." The Court explained "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976)(internal quotations omitted). The Court has held that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The plaintiff bears the burden of proof as to both the subjective and objective prongs for, as the Court of Appeals has explained, in order to "survive a summary judgment on an Eighth Amendment claim . . ., a plaintiff is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

As a corollary of the deliberate indifference standard, mere negligence by staff at the prison, medical personnel and physicians in treating prisoners is not sufficient to state an Eighth Amendment violation. Estelle, 429 U.S. at 105-06. The Supreme Court has held that

4

in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id.

Instantly, the Defendants have filed a motion for summary judgment supported by copies of Plaintiff's medical records as well as his administrative remedy documents, all of which show that the Defendants did not act with deliberate indifference to Plaintiff. They have also pointed out that the record is lacking in evidence of the subjective prong. Dkt. [37] at 7 to 13. This was more than enough for the Defendants to meet their initial summary judgment burden to show that there is no genuine issue of material fact concerning Plaintiff's Eighth Amendment claim by showing that they lacked the deliberate indifference mindset as is required to make out an Eighth Amendment claim and thus shift the burden to the Plaintiff to come forward and point out where in the record there is evidence of the subjective prong.

Plaintiff has failed to carry his burden for a number of independent reasons.

First, Plaintiff's responsive statement of material facts is insufficient to create a genuine issue of material fact because it failed to comply with Local Rule 56.1.C.1.[1] Plaintiff failed to

---

[1] That local rule provides as follows:

> **A Responsive Concise Statement:** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:

(continued...)

comply with the Local Rules by failing to cite to specific portions of the record in support of his responsive concise statement of facts. Dkt. [44]. Such justifies the Court in ignoring Plaintiff's denials in his responsive statement of material facts and justifies the Court in deeming that he admitted those very facts that he sought to deny. See, e.g., Bronson v. White, NO. 1:05-CV-2150, 2007 WL 3033865, at *1 n.1 (M.D.Pa. Oct. 15, 2007) ("Although Plaintiff has denied certain paragraphs of the Defendants' Statement of Material Undisputed Facts, he has not pointed to record evidence to support such denials. Therefore, pursuant to Local Rule 56.1, those material facts are deemed to be admitted."); Ferace v. Hawley, NO. CIV.A. 05-1259, 2007 WL 2823477, at *1 (W.D.Pa. Sept. 26, 2007) ("Defendants set forth a concise statement of material facts. [DE 60]. Plaintiff, however, failed to respond to these statements in accordance with LR 56.1(C) (1), and consequently, the facts set forth in the concise statement of material facts submitted by Defendants are deemed to be admitted by Plaintiff for the purpose of the instant motion, in

---

[1](...continued)
>(a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
>(b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LR 56.1B(1) for instructions regarding format and annotation);

Local Rule 56.1B(1) provides in relevant part that

> The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs. **A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact**;

(emphasis added).

accordance with LR 56.1(E)."). On this basis alone, given that we can deem the Defendants' statements of material facts undisputed, the Court should grant the summary judgment motion since the moving Defendants have met their initial summary judgment burden to show no genuine issue of material fact with respect to the subjective prong.

Nevertheless, and, in the alternative, even if we were to accept Plaintiff's responsive statement of material facts and his denials as true, still, the Defendants would be entitled to summary judgment because Plaintiff's denials fail to establish the subjective prong.

Taking the record in the light most favorable to the Plaintiff, as the non-moving party, the most that the record reflects is negligence, which falls below the constitutional threshold. Daniels v. Williams, 474 U.S. 327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution"). Cf. Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992)("[L]iability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant,' and not on negligence."); Kwasnik v. LeBlon, 228 Fed. Appx. 238, 244 (3d Cir. 2007) ("Liberally construing the Amended Complaint, as we must, we conclude that the allegations, and reasonable inferences drawn therefrom, at best, merely state a negligence claim. Negligence claims are not cognizable under § 1983.").

The record reveals that Plaintiff had a history of diabetes even before his arrival at FCI-Loretto. Dkt. [38] at 1, ¶ 4. Plaintiff was housed at FCI-Loretto beginning in November 2000. Dkt. [37] at 2. On December 21, 2006, Plaintiff was transferred to the SHU at FCI-Loretto and he was assigned a top bunk. Id., at 5, ¶¶ 37-38. Plaintiff informed Defendant Mazur that he should have a bottom bunk but Defendant Mazur allegedly did not re-assign Plaintiff to a bottom bunk. Id., at ¶ 40. In fact, Plaintiff asserts that he told Defendant Mazur that Plaintiff had a

"lower bunk restriction" in his prison file. Dkt. [34] at 1, ¶ 3. Defendant Mazur is alleged to have checked the Plaintiff's prison file and came back and informed Plaintiff that he did not have any such lower bunk restriction. Id. Plaintiff then asserts that he started sending "cop outs."[2] Id. Plaintiff further averred that in the SHU, "every Wednesday the entire administrative staff make 'walk through' visits . . . . [During those walk through visits] I asked the Warden [presumably, Defendant Yost] every Wednesday to look into my file to see that I had a lower bunk restriction. He later informed me that I did not have a lower bunk restriction." Dkt. [34] at 1 -2 ¶4.[3] Plaintiff further averred that "I also had my medical doctor[4] to check and see if he could locate my lower bunk restriction because I needed to get off the top bunk. I was also later informed by my doctor that I never had a low bunk restriction." Id., at 2, ¶5. Lastly, Plaintiff averred that he "complained repeatedly verbally and by cop-out about getting a lower bunk many times to Officer Mazur, Dr. Leonard, Yost and also to anyone who came to our cell. . . . I was repeatedly informed that I did not have lower bunk restriction on a daily basis." Id., at ¶¶ 6 - 7. The Court notes that "[a]ll three Defendants strongly deny that Plaintiff ever made any requests to have a bottom bunk while he was in the SHU. In fact, Defendant Mazur will testify that

---

[2] A "'cop out' is an informal letter that the prison[er] can write to someone asking for help, but it is not a part of the informal process established by the BOP under 28 C.F.R. § 542.13." Ellis v. U.S., No. 08-cv-0628, 2010 WL 583913, at *4 n.1 (S.D.Ill., Feb. 17, 2010), *reconsideration denied*, 2010 WL 1416015 (S.D. Ill. March 31, 2010).

[3] The Court takes judicial notice of the fact that between Thursday, December 21, 2006, the date Plaintiff was transferred to the SHU cell with the top bunk, and Tuesday, January 2, 2007, the date Plaintiff fell out of the top bunk, there was only one intervening Wednesday, i.e., December 27, 2006.

[4] It is not clear whether the medical doctor Plaintiff refers to herein is the defendant, Dr. Leonard, or another physician at FCI-Loretto. It does not matter however for purposes of deciding this motion.

Plaintiff voluntarily took a top bunk, because he was friends with inmate Thomas Hargrove and the two of them had an arrangement as to who slept on which bunk. . . . These factual discrepancies, however, are not material to this motion. Indeed even if all of Plaintiff's allegations are accepted as true, which they are not, Plaintiff cannot sustain his burden of proof in this case." Dkt. [37] at 5 n.2. We agree with the Defendants. For purposes of this motion, we accept as a fact that Plaintiff informed the three Defendants either that he wanted a bottom bunk or that he had been granted a restriction to bottom bunk status. Even so, this does not establish that the Defendants acted with deliberate indifference and this is so because, for all that the record shows, they sincerely believed that Plaintiff did not possess such bottom bunk restriction and/or that it was not medically necessary that he have such bottom bunk restriction. On January 2, 007, Plaintiff experienced a low blood sugar episode, while he was in his top bunk, Dkt. [34] at 2, ¶ 8, and after being made aware of Plaintiff's low blood sugar, Defendant Mazur brought some food to Plaintiff's cell to help raise Plaintiff's blood sugar level, and as Plaintiff was attempting to get the food, he fell off the top bunk. Dkt. [38] at 6, ¶ 42. See also Dkt. [44] at 4, ¶ 42. Plaintiff injured himself and claims that the Defendants were deliberately indifferent to Plaintiff for not giving him a bottom bunk.

It turns out that on September 9, 2002, (more than four years prior to the incident giving rise to this case) after having apparently been housed at FCI-Loretto for nearly two years, Plaintiff first made a request for obtaining a lower bunk restriction designation in his file, because he had been going to the bathroom at night 6 to 9 times and apparently did not want to climb up to and down from the top bunk so frequently. Dkt. [37-5] at 1. On September 9, 2002, the very same date as the request, a physician assistant approved the request and gave him a

bottom bunk restriction designation with a note indicating "indef" which Plaintiff and the Court takes to mean that the restriction is of indefinite duration. Dkt. [37-6] at 1.

Thus, there was in fact in existence at the time of Plaintiff's transfer to the SHU, a medical restriction designating Plaintiff for a bottom bunk only. However, this is insufficient to establish that the Defendants acted with deliberate indifference. From all of the record evidence adduced by Plaintiff, it appears that the Defendants were not aware of the existence of such a restriction, notwithstanding their search of Plaintiff's prison file for any restriction for a bottom bunk. Absent some evidence that they were aware of the existence of this restriction -- and Plaintiff has adduced no such evidence -- there simply is no evidence establishing that these three Defendants were "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [that they] also dr[e]w the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). While the record indicates that Plaintiff "told Officer Mazur about my lower bunk restriction" Dkt. [34] at 1, ¶ 3, that Defendant Mazur failed to credit Plaintiff's assertion and then checked on Plaintiff's file and found no such restriction is not evidence of deliberate indifference. A prison guard, need not credit every assertion of a prisoner on pain of committing a constitutional tort, where, if the facts warrant, the officer takes reasonable steps to either confirm or refute the assertion. Beers-Capitol v. Whetzel, 256 F.3d 120, 140 (3d Cir. 2001)("The plaintiffs have provided evidence that Flecher was aware of three allegations of abuse by Whetzel, but there is no evidence that Flecher believed that these allegations were likely to be true, or that the evidence surrounding the allegations was so strong that he must have believed them likely to be true. In fact, the plaintiffs have presented evidence that Flecher disbelieved the allegations: his statement to McLean that 'these types of accusations

occur on a frequent basis when female students become upset or angry with staff members.' See supra note 3. This statement is illuminating of Flecher's subjective mindset of basic skepticism regarding the allegations raised by the female YDC residents; . . . it is also inconsistent with the subjective knowledge of a risk required for deliberate indifference under Farmer."). Cf. Ammons v. Altergot, 968 F.2d 1218 (Table), 1992 WL 157551, at *3 (7th Cir. July 8, 1992)(Nurse "Altergot's belief that Ammons was malingering if honest but erroneous, . . . would not amount to the deliberate or even reckless infliction of punishment and so would not be actionable under the Constitution.")(some internal quotations omitted); Price v. Cooper, NO. 94 C 5142, 1996 WL 467242, at *3 (N.D. Ill. Aug. 12, 1996)("If medical personnel do not respond to complaints of pain, they are not liable if they honestly believed the inmate was malingering."). This rule is simply an application of the Estelle principle that more than negligence is needed to make out an Eighth Amendment claim. The record simply does not evince the necessary subjective mindset to establish an Eighth Amendment claim against the three Defendants.

At most on this record, Plaintiff establishes that the Defendants negligently checked his file and failed to find what they should have found, namely, the 2002 bottom bunk restriction designation and so, at most, Plaintiff establishes that they should have known that Plaintiff was in fact restricted to bottom bunk status. However, such should have known standard is merely negligence and not the deliberate indifference required to make out an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. at 860 (Thomas, J. concurring) ("Petitioner's suggested 'should have known' standard is nothing but a negligence standard").

Moreover, it appears that it was Dr. Leonard's professional opinion that there was no medical need for Plaintiff to have a bottom bunk restriction. Dkt. [37] at 11 (citing Dr.

11

Leonard's affidavit, Dkt. [37-2] at 2 ¶ 9 & ¶11 ("Throughout the course of my employment with the Bureau of Prisons, I have never been made aware of a policy that mandates that all diabetics must receive a bottom bunk. . . . . At the time when Plaintiff alleges that he received a top bunk, on or around December 21, 2006, I was not aware of any medical need, including diabetes, that would require Plaintiff to have a bottom bunk.")).

Lastly, Plaintiff failed to adduce evidence of causation. There is no evidence that had he even been given bottom bunk status, he would not have fallen out of that bottom bunk and injured himself given his hypoglycemic state on the date in question or that he would not have fallen on his way to the cell door to retrieve the food and injured himself in that manner.

Accordingly, in light of the foregoing, because Plaintiff has failed to adduce evidence that the Defendants acted with deliberate indifference and/or failed to adduce evidence of causation, the Defendants' summary judgment motion is properly granted.

### III. CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*  
Chief United States Magistrate Judge

Dated: 3 June, 2010

cc: The Honorable Kim R. Gibson  
United States District Judge

Shannon Bowman  
19143-039  
Terre Haute Federal Correctional Institution  
Inmate Mail/Parcels  
P.O. Box 33  
Terre Haute, IN 47808

All counsel of record by Notice of Electronic Filing