UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON BOWMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-173J |
| | ) | Judge Kim R. Gibson/ |
| SENIOR CORRECTIONAL OFFICER | ) | Chief Magistrate Judge Amy Reynolds Hay |
| MAZUR; DR. DANIEL LEONARD, | ) | |
| Clinical Director; WARDEN J. YOST, | ) | |
| | ) | |
| Defendants | ) | Re Dkt. [36] |

## **MEMORANDUM ORDER**

The above-captioned pro se prisoner civil rights action was received by the Clerk of Court on July 11, 2008, and was referred to now Chief United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the then in-force Local Rules 72.1.3 and 72.1.4, which do not materially differ from the now in-force Local Civil Rules 72.C and D.

The Magistrate Judge's Report and Recommendation, Dkt. [45], filed on June 4, 2010, recommended that the Defendants' Motion for Summary Judgment, Dkt. [36], be granted. Service was made on the Plaintiff at his place of confinement. The Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and the now in-force local rules, that he had a specific period of time in which to file his objections. Plaintiff filed his objections. Dkt. [46]. The Defendants then filed a reply to Plaintiff's objections. Dkt. [47].

None of the objections merit rejection of the report nor extended comment. Initially, we note that the Report recommended granting the Defendants' motion because Plaintiff's Counter Statement of Material Facts failed to comply with the Local Rule 56.C in that for every averment, the Counter Statement failed to cite to a specific place in the record. Dkt. [45] at 5 to 7. In his objections, Plaintiff complains that "the full context of the local rules of the Western District of Pennsylvania is not available to Plaintiff fully explaining the local rules of the respective court." Dkt. [46] at 4. This complaint rings hollow at best. In the Chief Magistrate Judge's order directing Plaintiff to file a response to the Defendants' summary judgment motion, she quoted Local Rule 56.C in its entirety which set forth clearly what the Local Rule required for a responsive concise statement. Dkt. [39]. Moreover, in Plaintiff's own request for an extension of time in which to file his response to the Defendants' Summary Judgment motion, Plaintiff himself indicated that he needed more time in order to properly comply with this court's instructed issued order attached Exhibit - D which is Dkt. [39]. Plaintiff never complained that he did not understand what was required of him by Local Rule 56.C and, hence, there was no obligation on the part of the Chief Magistrate Judge to do anything differently. Thus, there is simply no unfairness in the Report's recommending the grant of Summary Judgment based on Plaintiff's failure to comply with Local Rule 56.C, which we note is simply a more specific application of the broader legal requirement that Plaintiff show a genuine issue of material fact by pointing out evidence in the record that supports Plaintiff's burden of proof under the Eighth Amendment as well as a specific application of the principle that the Court is not required to sift through summary judgment record in order to find a genuine issue of material fact. Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404 (6th Cir. 1992); Northwestern National

Insurance Company v. Baltes, 15 F.3d 660, 662-63 (7th Cir. 1994)("judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits-not only because the rules of procedure place the burden on the litigants, but also because their time is scarce.").

Hence, this objection is patently without merit. The Report went on, in an alternative holding, to address the summary judgment motion on the merits.

Plaintiff also generally complains that the Report erred in finding no genuine issue of material fact. However, he cites nothing that persuades us that the Report did err.

Any other objection not specifically addressed herein is deemed to have been adequately addressed in the Report.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

**AND NOW,** this 28th day of June, 2010;

**IT IS HEREBY ORDERED** that the Defendants' Motion for Summary Judgment, Dkt. [36], is GRANTED.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [45], filed on June 4, 2010 by Chief Magistrate Judge Hay, is adopted as the opinion of the Court, as supplemented by this Memorandum Order. Any other pending motions are DENIED as moot. The Clerk is to mark the case closed.

_____
Kim R. Gibson
United States District Judge

Dated:

cc: The Honorable Amy Reynolds Hay
Chief United States Magistrate Judge

Shannon Bowman
19143-039
Terre Haute Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

All counsel of record by Notice of Electronic Filing